J-A21021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :

        v.                        :
                                 :

FRANK JAMES MALPICA,        :
                                 :

          Appellant        :     No. 98 EDA 2018

Appeal from the Judgment of Sentence November 28, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001356-2013

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:               **FILED JANUARY 14, 2019**

Appellant, Frank James Malpica, appeals from the judgment of sentence entered on November 28, 2017.  We affirm.[1]

The trial court broadly outlined the facts underlying Appellant's motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600.

> On May 8, 2013, a criminal complaint was filed against [Appellant] for aggravated indecent assault without consent, [] aggravated indecent assault – complainant less than 16 years of age, [] corruption of minors, [] and other related offenses. [The criminal complaint alleged that Appellant sexually abused a 13-year-old girl named L.L. (hereinafter "the Victim").  Specifically, the complaint alleged that Appellant abused the Victim in his apartment by "rubbing her back and butt and then insert[ing] his finger into her anus." Affidavit of Probable Cause, 5/8/13, at 1]. . . .

---

[1] We note with dismay that the Commonwealth did not file an appellate brief in this case, which forfeited its right to present oral argument.  **See** 210 Pa.Code § 65.34(B).

[Appellant] was preliminary [*sic*] arraigned by Magisterial District Judge JoLana Krawitz on May 13, 2013 and bail was set at $20,000[.00] unsecured. A preliminary hearing was scheduled for May 20, 2013 but was continued at [Appellant's] request to June 3, 2013. . . .

On June 3, 2013, a preliminary hearing was held in front of Judge Krawitz where all charges were bound over to the court of common pleas. At the preliminary hearing[,] the case was scheduled for status conference on July 10, 2013, however no trial date [was] set.

On June 27, 2013, [Appellant] filed a motion to continue the status conference from June 10, 2013 to July 24, 2013, which was granted by the [trial] court. This did not delay trial since no trial date had been scheduled. At the status conference held on July 24, 2013, the [trial] court placed the case on the September trial term with trial scheduled to commence on September 5, 2013.

On August 15, 2013, [Appellant] filed a motion to continue the trial which the [trial] court granted and continued the trial from September 5, 2013 to November 5, 2013. . . . This motion was accompanied by a Rule 600 waiver executed by [Appellant] for this period.

On October 7, 2013, [Appellant] filed a second motion to continue the trial[,] which was also granted by the [trial] court and continued the trial from November 5, 2013 to January 7, 2014. . . . Additionally, this motion was also accompanied by a Rule 600 waiver executed by [Appellant] for this period.

[On November 15, 2013, the Commonwealth filed a motion to quash subpoenas that Appellant had issued against the Pleasant Valley School District and ReDCo Group Behavioral Health Services (hereinafter "ReDCo"). Following the Commonwealth's motion], a hearing was held on December 11, 2013. At the hearing, the [trial] court noted that pretrial issues were outstanding and continued trial from January 7, 2014 to March 4, 2014. . . .

What followed was a series of four consecutive continuance motions filed by [Appellant]. Each motion was accompanied by a Rule 600 waiver executed by [Appellant] for each respective period:

1) On January 30, 2014, [Appellant] filed a motion to continue the trial[,] which the [trial] court granted and continued the trial from March 4, 2014 to April 1, 2014;

2) On March 24, 2014, [Appellant] filed a motion to continue the trial[,] which the [trial] court granted and continued the trial from April 1, 2014 to June 3, 2014;

3) On May 1, 2014, [Appellant] filed a motion to continue the trial[,] which the [trial] court granted and continued the trial from June 3, 2014 to August 5, 2014;

4) On July 14, 2014, [Appellant] filed a motion to continue the trial[,] which the [trial] court granted and continued the trial from August 5, 2014 to October 2, 2014[.]

. . .

On September 12, 2014, the Commonwealth filed a motion to continue in order for the [trial] court to decide the Commonwealth's motion to quash subpoena. On October 1, 2014, the [trial] court dismissed the Commonwealth's motion to continue and removed the case from the October trial list. On October 3, 2014, the Commonwealth filed a motion for a scheduling conference[, which the trial court granted] and scheduled the pre-trial conference for October 23, 2014 in order to establish a new trial date.

On October 23, 2014, after a pre-trial conference, the [trial] court ordered that the trial be continued from the November trial term to March 3, 2015. The continuance was due to the failure of the Pleasant Valley School District to provide subpoenaed mental health and school records for the alleged victim. The [trial] court's order also indicated that once received, the [trial] court would conduct an [*in camera*] review of the school records and make a determination regarding the Commonwealth's motion to quash subpoena. . . .

On February 24, 2015, [Appellant] filed a motion to continue the trial[, which the trial court granted] and continued the trial from March 3, 2015 to May 5, 2015. . . . This motion was accompanied by a Rule 600 waiver executed by [Appellant] for this period.

On April 22, 2015, [Appellant] filed another motion to continue the trial which was granted by the [trial] court and continued the trial from May 5, 2015 to July 7, 2015. . . . This motion was accompanied by a Rule 600 waiver executed by [Appellant] for this period.

On July 2, 2015, the Commonwealth filed a motion to continue the trial[,] which was granted by the [trial] court and continued the trial from July 7, 2015 to September 1, 2015. . . . Although [Appellant] concurred with the Commonwealth's motion to continue, . . . the [trial] court's order specifically stated that the delay resulting from this continuance shall not run against [Appellant]. . . .

On August 31, 2015, following a hearing and subsequent order which approved [Appellant's] waiver of trial by jury, [the trial court] rescheduled trial from September 1, 2015 to commence as a bench trial on September 24, 2015. [Appellant] filed an executed waiver of jury trial form on August 27, 2015. . . .

On September 18, 2015, the Commonwealth filed a motion to compel preparation and production of expert [reports]. On September 22, 2015, the Commonwealth filed a motion *in limine* to exclude the expert testimony proffered by [Appellant]. After a hearing on September 22, 2015, [the trial court] denied the Commonwealth's motion to prepare and produce expert reports as moot; denied an oral motion to continue trial; and[,] informed parties that the motion *in limine* would be decided at [the] time [of] trial. [Appellant] opposed the Commonwealth's motion to continue.

On September 23, 2015, the Commonwealth filed a notice of appeal from the September 22, 2015 order. On November 23, 2015, the Commonwealth's appeal was dismissed for failure to file a Superior Court docketing statement as required by [Pennsylvania Rule of Appellate Procedure] 3517.

On February 4, 2016, the Commonwealth filed a motion for status conference requesting a status conference so that the case [could] be listed for trial. On February 8, 2016, [the trial court] issued an order continuing the trial from the February trial term to [the] April term[,] with trial commencing on April 5, 2016[,] in response to [Appellant's] motion for continuance. The order specifically stated that the delay resulting from this continuance shall run against [Appellant].

However, [the trial court] issued an amended order on February 11, 2016 in response to the Commonwealth's motion for status conference listing the case for trial on April 5, 2016. Finally, [the trial court] vacated the February 11, 2016 order on February 24, 2016 and scheduled an in-chambers status conference for March 17, 2016 to schedule a date for trial.

On March 17, 2016, [Appellant] filed [a] motion to dismiss for violation of [his] right[] to a speedy trial under [Rule] 600. [Appellant] argue[d] that the period of excludable delay would be 475 days, therefore making the adjusted run date under Rule 600[] August 25, 2015. Because Rule 600 requires that a defendant be tried within 365 days of a criminal complaint being filed, and a trial date ha[d] not been set, [Appellant] request[ed] that the [] case against him be dismissed.

Trial Court Opinion, 9/7/16, at 1-6 (internal footnotes and emphasis omitted and some internal capitalization omitted).

The trial court scheduled hearing on Appellant's Rule 600 motion for April 26, 2016. Trial Court Order, 3/29/16, at 1. Neither the Commonwealth nor Appellant presented testimony during the April 26, 2016 hearing. Instead,

the parties submitted briefs and orally argued their respective positions.[2] **See** N.T. Hearing, 4/26/16, at 1-11.

The trial court denied Appellant's Rule 600 motion on September 7, 2016. Trial Court Order, 9/7/16, at 1. Within its accompanying opinion, the trial court explained:

> The numerous delays in this case resulted in 499 excludable days and 187 excusable days for a total of 686 days of delay. . . . When adding these 686 days to the mechanical run date of May 8, 2014, [the trial court] determine[d] the [final] run date to be March 24, 2016. . . . Because [Appellant] filed the [Rule 600] motion [on March 17, 2016, which was] prior to the [final] run date, [the trial court] . . . den[ied Appellant's] motion.

Trial Court Opinion, 9/7/16, at 9 and 11 (internal emphasis and some internal capitalization omitted).

On September 12, 2016, Appellant filed a motion for reconsideration of the September 7, 2016 order. Appellant's Motion for Reconsideration, 9/12/16, at 1-4. Within the reconsideration motion, Appellant claimed the trial court erred in determining that there were 187 days of "excusable delay." *Id.* at 2. As Appellant noted, the 187 days of excusable delay were attributable to "the failure of the Pleasant Valley School District to provide records subject to [Appellant's] subpoena and the Commonwealth's motion to

---

[2] We note that, during the April 26, 2016 hearing, the trial court accepted two defense exhibits into evidence: "an updated psychological evaluation [of Appellant,] identified as Defendant's-1, and a *curriculum vitae* [from Dr. Robert Gordon,] identified as Defendant's-2." N.T. Hearing, 4/26/16, at 9-10. However, neither document is relevant to Appellant's Rule 600 claim.

quash" the subpoena. *Id.* (some internal capitalization omitted). Appellant claimed that the trial court erred in finding the days "excusable" because the Commonwealth failed to exercise due diligence to obtain the records. *See id.* at 1-4; Appellant's Brief in Support of Motion for Reconsideration, 10/13/16, at 1-8.

On September 15, 2016, the trial court scheduled a September 29, 2016 hearing on the motion and, in its scheduling order, the trial court declared: "[a]t the hearing, the Commonwealth shall be prepared to present evidence of its due diligence to obtain and provide to the court the subpoenaed records from the Pleasant Valley School District." Trial Court Order, 9/15/16, at 1.

During the September 29, 2016 hearing, the Commonwealth represented the following to the trial court: the Pleasant Valley School District records "were not in the Commonwealth's [possession and the Commonwealth] . . . never had those records during the time in question;" during the relevant time, a court order was in place, which "directed the production of records from the school district;" the Commonwealth relied upon the school district's compliance with the court order; the Commonwealth does not possess "any greater power than an order of court to obtain records from the school district;" and, "for [Appellant] to argue somehow that the Commonwealth magically could have had the school district produce these records, when [] they didn't properly produce them in the face of a court order, is an argument that lacks merit, [is] specious, and it shouldn't be

considered seriously by th[e trial c]ourt." N.T. Hearing, 9/29/16, at 8, 10, and 11.

Further, during the hearing, the Commonwealth presented a letter, dated October 27, 2014, from Monroe County Assistant District Attorney Curtis Rogers (hereinafter "ADA Rogers") to the school solicitor of the Pleasant Valley School District, Daniel M. Corveleyn. *See* N.T. Hearing, 9/29/16, at 9-10. ADA Rogers' letter reads:

> Dear Mr. Corveleyn:
>
> In December of 2013, a court order was issued by the Honorable Stephen M. Higgins, of the Monroe County Court of Common Pleas, directing Pleasant Valley School District to produce records in its possession that were the subject of a subpoena issued by [Appellant's counsel] upon the district. I am enclosing a copy of the court's order, as well as [Appellant's counsel's] subpoena detailing the records sought.
>
> To date, the court's order has not been complied with by the district. After consultation with the [trial court] and [Appellant's counsel], it was decided that I would bring this matter to your attention, in order to secure the district's compliance with the court's order. Please have the district immediately send all records referred to in the subpoena to Judge Higgins so that he may conduct an *in camera* review of the records to determine if any disclosure to the parties is appropriate.
>
> To be clear, the records are to be sent directly to Judge Higgins, not to the parties. Please direct the district to comply with this order as soon as possible. Thank you for your attention to this matter and should you have any questions, please do not hesitate to contact me.
>
> Very truly yours,
> /s

Curtis Rogers
Assistant District Attorney

Letter from ADA Rogers to School Solicitor Corveleyn of the Pleasant Valley School District, dated 10/27/14, at 1 (some internal capitalization omitted).

The trial court denied Appellant's motion for reconsideration on January 18, 2017 and, following a status conference, the trial court scheduled trial for March 21, 2017. Trial Court Order, 1/18/17, at 1; Trial Court Order, 1/27/17, at 1. After the trial court granted another continuance motion filed by Appellant, Appellant's bench trial commenced on May 23, 2017. **See** Trial Court Order, 3/2/17, at 1.

On May 31, 2017, the trial court entered its decision in the matter. The trial court found Appellant guilty of corruption of minors, indecent assault without consent, and indecent assault – complainant less than 16 years of age.[3, 4] Trial Court Decision, 5/31/17, at 1-2; Trial Court Amended Decision, 7/5/17, at 1-2. On November 28, 2017, the trial court sentenced Appellant to serve an aggregate term of three years of probation for his convictions.

Appellant filed a timely notice of appeal from his judgment of sentence. He raises two claims to this Court:

> 1. Did the trial court improperly conclude as a matter of law that 187 days were excusable when the 187 days resulted from the Commonwealth's motion to quash subpoenas and during the 187 days the Commonwealth failed to exercise due

---

[3] 18 Pa.C.S.A. §§ 6301(a)(1)(i), 3126(a)(1), and 3126(a)(8), respectively.

[4] The trial court also found Appellant not guilty of two counts of aggravated indecent assault. **See** Trial Court Amended Decision, 7/5/17, at 1.

diligence by supplying the trial judge the subpoenaed records for [*in camera*] review[?]

2. Did the trial court err in ruling as a matter of law that the confidentiality provision of the Mental Health Procedures Act required quashing [Appellant's] subpoena to ReDCo for mental health records of the [Victim?]

Appellant's Brief at 6 (some internal capitalization omitted).

Appellant first claims that the trial court erred when it denied his motion to dismiss under Rule 600. We disagree.

As we have stated:

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*), *quoting* *Commonwealth v. Hunt*, 858 A.2d 1234, 1248-1239 (Pa. Super. 2004) (*en banc*) (internal corrections omitted).

When the criminal complaint was filed against Appellant, Rule 600 provided, in relevant part:[5]

> (A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.
>
> . . .
>
> (C) In determining the period for commencement of trial, there shall be excluded therefrom:
>
> . . .
>
> (3) such period of delay at any stage of the proceedings as results from:
>
> (a) the unavailability of the defendant or the defendant's attorney;
>
> (b) any continuance granted at the request of the defendant or the defendant's attorney.
>
> . . .
>
> (G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that [Rule 600] has been violated. . . . If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion

---

[5] Effective July 1, 2013, a "new Rule 600 [was] adopted to reorganize and clarify the provisions of the rule in view of the long line of cases that have construed the rule." Pa.R.Crim.P. 600, cmt. "However, because the criminal complaint in this case was filed prior to the new rule, we will apply the former version of Rule 600." ***Commonwealth v. Dixon***, 140 A.3d 718, 722 n.7 (Pa. Super. 2016).

to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.

As our Supreme Court has explained:

Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases. To protect the defendant's speedy trial rights, Rule 600 ultimately provides for the dismissal of charges if the Commonwealth fails to bring the defendant to trial within 365 days of the filing of the complaint (the "mechanical run date"), subject to certain exclusions for delays attributable to the defendant. Pa.R.Crim.P. 600(A)(3), (G). Conversely, to protect society's right to effective prosecution prior to dismissal of charges, Rule 600 requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control. If the Commonwealth exercised due diligence and the delay was beyond the Commonwealth's control, "the motion to dismiss shall be denied." Pa.R.Crim.P. 600(G).

**Commonwealth v. Bradford**, 46 A.3d 693, 701 (Pa. 2012) (some internal quotations and citations omitted).

In the context of Rule 600, our case law requires that a court define and "account for any 'excludable time' and 'excusable delay.'" **Commonwealth v. Goldman**, 70 A.3d 874, 879 (Pa. Super. 2013). "Excludable time is delay that is attributable to the defendant or his counsel." **Id.**; **see also** Pa.R.Crim.P. 600(C). "Excusable delay is delay that occurs as a result of

- 12 -

circumstances beyond the Commonwealth's control and despite its due diligence." **Goldman**, 70 A.3d at 879; **see also** Pa.R.Crim.P. 600(G).

The "courts of this Commonwealth employ three steps – corresponding to Rules 600(A), (C), and (G) – in determining whether Rule 600 requires dismissal of charges against a defendant:"

> First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(G). As we have explained, Rule 600(G) encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600(G) extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

**Ramos**, 936 A.2d at 1103 (internal citations and footnote omitted).

Finally, we note that "[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010). A "Rule 600 motion requires a showing of due diligence by a preponderance of the evidence for the Commonwealth to avail itself of an exclusion." **Id.**; **see also** **Bradford**, 46 A.3d at 701 ("[t]he Commonwealth . . . has the burden of

demonstrating by a preponderance of the evidence that it exercised due diligence").

In its Rule 600 analysis, the trial court declared that the Commonwealth filed its criminal complaint on May 8, 2013, that the Rule 600 mechanical run date was May 8, 2014, and that – in determining the Rule 600 adjusted run date – there were 499 days of excludable time. Trial Court Opinion, 9/7/16, at 9 and 11. Therefore, Appellant's adjusted run date was September 19, 2015. The trial court also concluded that there were 187 days of excusable delay. **Id.** Under this calculation, Appellant's final run date was March 24, 2016; and, given that Appellant filed his Rule 600 motion on March 17, 2016, the trial court concluded that the motion was properly denied. **Id.**

On appeal, Appellant only challenges the trial court's excusable delay determination. Further, although Appellant raises a number of sub-arguments in his brief, Appellant only preserved one claim on appeal: that the 187 days were not "excusable" because the Commonwealth did not exercise due diligence.[6]

_____

[6] Within his brief, Appellant also argues that: 1) the 187 days did not constitute delay for purposes of Rule 600, as the time was attributable to the normal progression of the case and 2) the 187 days were not excusable because "[t]he district attorney [] never contended that he was ready for trial at any point during those 187 days." **See** Appellant's Brief at 19 and 23. These sub-claims are waived, as Appellant did not raise the claims at any point before the trial court and they are not contained in (or fairly suggested by) Appellant's Pennsylvania Rule of Appellate Procedure 2116 "statement of questions involved." **See** Appellant's Rule 600 Motion, 3/17/16, at 1-10;

As stated, the trial court concluded that 187 days constituted "excusable delay." This period ran from January 7, 2014 to March 4, 2014 (56 days) and from October 23, 2014 to March 3, 2015 (131 days) – and the days were related to a pending "motion to quash subpoena" that the Commonwealth filed in the case. Relevant to this issue, we note:

- On July 8, 2013, at the request of Appellant's attorney, the Court of Common Pleas of Monroe County issued a subpoena upon the Pleasant

---

Appellant's Brief in Support of Rule 600 Motion, 5/3/16, at 1-27; Appellant's Motion for Reconsideration, 9/12/16, at 1-4; Appellant's Brief in Support of Motion for Reconsideration, 10/13/16, at 1-8; N.T. Hearing, 4/26/16, at 1-11; N.T. Hearing, 9/29/16, at 1-21; *see also* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Certainly, during the trial court proceedings, Appellant's **sole argument** was that the 187 days did not constitute "excusable delay" because the Commonwealth **did not exercise due diligence to obtain the Pleasant Valley School District records**. *See* Appellant's Motion for Reconsideration, 9/12/16, at 1-4 (arguing that the Commonwealth did not exercise due diligence and requesting that the trial court dismiss the case or, "[a]t the least, . . . schedule a hearing to inquire into the due diligence of the Commonwealth to obtain the Pleasant Valley records"); Appellant's Brief in Support of Motion for Reconsideration, 10/13/16, at 6 (noting that Appellant sought reconsideration because "the record before [the trial c]ourt did not support a finding of due diligence"); N.T. Hearing, 9/29/16, at 16 (Appellant argued that he was entitled to relief because the Commonwealth failed to establish that it acted with due diligence). Further, Appellant's Rule 2116 Statement merely claims that the trial court erred in denying the Rule 600 motion, as "the Commonwealth failed to exercise due diligence by supplying the trial judge the subpoenaed records for [*in camera*] review." Appellant's Brief at 6 (some internal capitalization omitted).

Valley School District, to produce a number of documents and things.

The subpoena declared:

Within twenty (20) days after service of this subpoena, you are ordered by the court to produce the following documents or things:

Records regarding any type of abuse regarding [the Victim].

Reports regarding any type of abuse regarding [the Victim].

Any reports from any school personnel regarding any kind of abuse by other students, adults, etc., including handwritten reports and/or notes regarding [the Victim].

Any letters to and from [the Victim's grandmother] regarding [the Victim].

Any complaints from [the Victim's grandmother] to Pleasant Valley School District regarding [the Victim].

Reports, letters, handwritten notes by school counselors regarding [the Victim].

Personal contact information for [C.F.].

Any and all reports, letters or handwritten notes by [R.M.] regarding [the Victim].

Personal contact information for [R.M.].

Any and all correspondence between Pleasant Valley School District and Colonial I.U. regarding [the Victim].

Any and all correspondence between Pleasant Valley School District and Monroe County Children & Youth regarding [the Victim].

Name and personal contact information of any and all school personnel and students present when [the Victim] reported allegations of sexual abuse.

> Name and personal contact information of [the Victim's] teachers.
>
> at [Appellant's counsel's address].
>
> . . .
>
> If you fail to produce the documents or things required by this subpoena within [20] days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.
>
> This subpoena was issued at the request of the following person:
>
> [Appellant's attorney].
>
> Subpoena to Pleasant Valley School District, 7/8/13, at 1-2.

- On October 8, 2013, the trial court granted Appellant's motion to continue trial; the trial court ordered trial continued from November 2013 until January 7, 2014. Trial Court Order, 10/8/13, at 1.

- On October 24, 2013, at the request of Appellant's attorney, the Court of Common Pleas of Monroe County issued a subpoena upon ReDCo to produce "[a]ll records including but not limited to psychological, psychiatric, testing, and any record of any other nature related to or involving [the Victim]." Subpoena to ReDCo, 10/24/13, at 1.

- On November 15, 2013, the Commonwealth filed a motion to quash the defense subpoena issued to the Pleasant Valley School District. Within the motion, the Commonwealth argued that the subpoena must be quashed because: the documents contain protected personal

information about the Victim; the documents are irrelevant and would be inadmissible at trial; and, the Victim's family contacted the district attorney and the family opposed the disclosure of the records. Commonwealth's Motion to Quash Subpoena, 11/15/13, at 1-2.

- On November 20, 2013, Appellant filed a response to the Commonwealth's motion to quash subpoena. Appellant requested that the trial court deny the Commonwealth's motion because "inclusion of 'personal information about the [V]ictim[]' is not a ground on which a subpoena should be quashed" and the requested documents are relevant and admissible because the Victim "has demonstrated a history of false accusations that [Appellant] believes will be documented by the school district records." Appellant's Response to Commonwealth's Motion to Quash Subpoena, 11/20/13, at 1-2. Further, as to the Commonwealth's contention that the Victim's family contacted the district attorney and that the family opposed the disclosure of the records, Appellant declared that he "has no knowledge whether '[t]he family of the [V]ictim' has contacted the district attorney.'" *Id.* at 1.

- The trial court scheduled a December 11, 2013 hearing on the Commonwealth's motion to quash the subpoena.

- As Appellant's counsel avers, during the hearing "[t]he parties and the trial judge orally agreed that the Commonwealth's motion to quash

should also address [the later-filed] defense subpoena to ReDCo . . . for the [Victim's] mental health treatment records." Appellant's Brief at 8.

- Following the December 11, 2013 hearing, the trial court issued an order dated December 11, 2013, which continued trial from January 7, 2014 to March 4, 2014. Trial Court Order, 12/13/13, at 1. The order specifically declared that trial was continued because "pretrial matters are still outstanding in this case." *Id.*

- On December 19, 2013, the trial court issued the following order:

  AND NOW, this 19th day of December, 2013, after hearing and upon consideration of the Commonwealth's Motion to Quash Subpoena, it is hereby ORDERED that the records custodian from Pleasant Valley School District, ReDCo. Group Behavioral Health Services, shall deliver to [the trial] court the original (or copies) of the records requested in [Appellant's] Subpoena for an *in*[] *camera* review of these records by the court. Upon completion of the *in*[] *camera* review, a further order will follow regarding the court's ruling on the Commonwealth's Motion to Quash Subpoena.

  Trial Court Order, 12/19/13, at 1 (some internal capitalization and emphasis omitted).

- On February 7, 2014, the trial court granted Appellant's motion for a continuance and ordered trial continued from March 4, 2014 to April 1, 2014. Trial Court Order, 2/7/14, at 1.

- Thereafter, the trial court granted a number of continuances at the request of Appellant. This eventually resulted in the trial court scheduling an October 23, 2014 pre-trial conference "in order to establish a new trial date." Trial Court Opinion, 9/7/16, at 4.

- As the trial court explained:

    [A]fter [the October 23, 2014] pre-trial conference, the [trial] court [filed an order dated October 23, 2014 and entered October 28, 2014, declaring] that the trial be continued from the November trial term to March 3, 2015. The continuance was due to the failure of the Pleasant Valley School District to provide subpoenaed mental health and school records for the alleged victim.

    Trial Court Opinion, 9/7/16, at 4. The trial court's order, dated October 23, 2014 and entered October 28, 2014, further declared:

    Pursuant to the Court's order of December 19, 2013, the Commonwealth is DIRECTED to obtain a sealed copy of the school records, pertaining to the complaining witness, from the custodian of records from the Pleasant Valley School District. Upon receipt of said records, the Court will conduct an [*in camera*] review and make a determination regarding the Commonwealth's Motion to Quash Subpoena of mental health and school records.

    Trial Court Order, 10/28/14, at 2 (emphasis in original).

- "Four days later, on October 27, 2014, [ADA Rogers] sent a letter requesting the school district records to the school district's solicitor." Appellant's Brief at 8. We quoted this letter at page 8 of this memorandum. *See supra* *8; Letter from ADA Rogers to Daniel M. Corveleyn of the Pleasant Valley School District, 10/27/14, at 1.

- On February 24, 2015, Appellant filed a motion to continue the trial. The trial court granted Appellant's motion and ordered trial in the case continued from March 3, 2015 to May 5, 2015. Trial Court Order, 2/25/15, at 1-2.

- On April 14, 2015, the trial court entered an order declaring that it had conducted "an [*in camera*] review of the records submitted by the Pleasant Valley School District and [ReDCo] in response to [Appellant's] subpoenas." Trial Court Order, 4/14/15, at 1. The trial court's order further declared:

> it is hereby ORDERED that the Commonwealth's Motion to Quash Subpoena is GRANTED in part and DENIED in part. The subpoena for the records of ReDCo. Group Behavioral Health Services is quashed pursuant to 50 P.S. § 7111. The Pleasant Valley School District records with the fax identification *Apr 13 2015 10:06 AM Pleasant Valley SD 5709921902* pages 5-51 shall be turned over to [Appellant] and Commonwealth without further objection. The subpoena for all remaining Pleasant Valley School District records, including pages 1-4 of the records identified above, are quashed.

Trial Court Order, 4/14/15, at 1 (emphasis in original).

As noted, on appeal, Appellant's Rule 600 claim is solely concerned with the periods from January 7, 2014 to March 4, 2014 (56 days) and from October 23, 2014 to March 3, 2015 (131 days). We will first consider the period from January 7, 2014 to March 4, 2014.

According to Appellant, the trial court erred in concluding that the time from January 7, 2014 to March 4, 2014 was excusable because the Commonwealth failed to establish that it acted with due diligence in attempting to obtain the Pleasant Valley School District records. Our analysis of Appellant's claim is informed by our Supreme Court's opinion in **Bradford** and, in accordance with **Bradford**, Appellant's claim fails.

In **Bradford**, the defendant was arrested, charged with multiple crimes, and had a preliminary hearing before a magisterial district judge. Following the preliminary hearing, the magisterial district judge ordered the case bound over to the trial court and, accordingly, the Pennsylvania Rules of Criminal Procedure required the magisterial district judge to forward the record to the court of common pleas. However, the magisterial district judge failed to forward the record and, as a result, the district attorney's Rule 600 record-keeping software was not activated. One year later, the defendant filed a Rule 600 motion to dismiss. **Bradford**, 46 A.3d at 695-696.

The trial court granted the defendant's Rule 600 motion and dismissed the charges. The Superior Court affirmed and the Commonwealth filed an appeal to the Pennsylvania Supreme Court, which reversed. **Id.** at 696-697.

As is relevant to the case at bar, the **Bradford** Court held that it was reasonable for "the district attorney to have relied upon the magisterial district judge's compliance with the Rules of Criminal Procedure to trigger its internal tracking system." **Id.** at 704 (some internal capitalization omitted). Therefore, the Court held that the district attorney's "reliance upon the magisterial district judge's obligation to comply with the Rules of Criminal Procedure . . . constitute[d] due diligence." **Id.** at 705 (some internal capitalization omitted).

This rationale applies to the case at bar. Here, the Pleasant Valley School District records were not in the care, custody, or control of the

Commonwealth or of any Commonwealth agency. Rather, they were in the possession of and controlled by a completely separate, third-party entity: the Pleasant Valley School District. Moreover, during the September 29, 2016 hearing, the Commonwealth represented that it relied upon the Pleasant Valley School District to comply with a court-issued subpoena and with a court order, entered December 19, 2013, which specifically directed the records custodian of the Pleasant Valley School District to "deliver to [the trial] court the . . . records requested in [Appellant's] Subpoena for an *in*[] *camera* review." N.T. Hearing, 9/29/16, at 11; Trial Court Order, 12/19/13, at 1. Finally, the trial court concluded that its decision to continue the trial from January 7, 2014 to March 4, 2014 was "due to a delay in receiving the school records from the Pleasant Valley School District which were subpoenaed by [Appellant], and not within the control of the Commonwealth despite their due diligence." Trial Court Opinion, 9/7/16, at 9-10 (some internal capitalization omitted).

Simply stated, and in accordance with **Bradford**, it was not an abuse of discretion for the trial court to conclude that, during the dates in question, it was reasonable for the Commonwealth to rely upon the Pleasant Valley School District's compliance with a court-issued subpoena and with the trial court's December 19, 2013 order. Thus, it was not an abuse of discretion for the trial court to conclude that the Commonwealth acted with due diligence during the

time from January 7, 2014 to March 4, 2014. Appellant's claim on appeal fails.

We next consider the time from October 23, 2014 to March 3, 2015. Again, the trial court concluded that this time constituted excusable delay and, again, Appellant contends that the trial court erred because the Commonwealth failed to establish that it acted with due diligence in obtaining the Pleasant Valley School District records.

As to this claim, we note that, following the October 23, 2014 pre-trial conference, the trial court ordered trial to be continued from the November trial term to March 3, 2015 because the Pleasant Valley School District had still failed to comply with the court-issued subpoena and the trial court's December 19, 2013 order to produce the Victim's school records. Trial Court Opinion, 9/7/16, at 4. Moreover, during the October 23, 2014 pre-trial conference, the trial court, Appellant's counsel, and ADA Rogers consulted and "decided that [ADA Rogers] would bring th[e] matter to [the attention of the school solicitor of the Pleasant Valley School District], in order to secure the district's compliance with the court's [December 19, 2013] order." Letter from ADA Rogers to Daniel M. Corveleyn of the Pleasant Valley School District, 10/27/14, at 1. As a result, in an order dated October 23, 2014 and entered October 28, 2014, the trial court declared:

> the Commonwealth is DIRECTED to obtain a sealed copy of
> the school records, pertaining to the complaining witness,
> from the custodian of records from the Pleasant Valley School

District. Upon receipt of said records, the Court will conduct an [*in camera*] review. . .

Trial Court Order, 10/28/14, at 2.

On October 27, 2014 – or, four days after the trial court issued its order – ADA Rogers wrote a letter to the school solicitor of the Pleasant Valley School District, informing him of the trial court's December 19, 2013 order and instructing him to direct that the school district comply with the trial court's December 19, 2013 order and produce the Victim's school records. The Pleasant Valley School District finally complied with the trial court's order on April 13, 2015, when it faxed the Victim's records to the trial court. *See* Trial Court Order, 4/14/15, at 1 (noting the "Pleasant Valley School District records with the fax identification Apr 13 2015 10:06 AM").

On appeal, Appellant claims that the Commonwealth's action of sending one letter to the school solicitor of the Pleasant Valley School District does not constitute due diligence. *See* Appellant's Brief at 20-21 and 23. However, the trial court weighed the evidence of record and arrived at the factual conclusion that the Commonwealth's action indeed constituted due diligence. Trial Court Opinion, 9/7/16, at 10-11. Appellant's claim on appeal fights against the trial court's specific factual finding and asks that we reweigh the facts to find in his favor. This we cannot do. The trial court's factual findings are entitled to deference. *See O'Rourke v. Commonwealth*, 778 A.2d 1194, 1199 n.7 (Pa. 2001). In this case, we cannot say that the trial court's factual finding that the Commonwealth exercised due diligence in attempting

to secure the Victim's school records from the Pleasant Valley School District was "manifestly unreasonable." ***Ramos***, 936 A.2d at 1100. This is especially true in light of the fact that: the records were not in the care, custody, or control of the Commonwealth but were, at all relevant times, in the custody and control of the Pleasant Valley School District; the Commonwealth acted promptly in response to the trial court's October 23, 2014 order by sending a letter to the school solicitor of the Pleasant Valley School District, instructing him to direct that the school district comply with the trial court's December 19, 2013 order and produce the Victim's school records; and, Appellant does not suggest anything the Commonwealth could have done differently in this case to obtain the Pleasant Valley School District records sooner.

Put simply, this Court is not permitted (or equipped) to second-guess the trial court's reasonable and judicious factual findings on such nuanced questions as: whether ADA Rogers' letter to the school solicitor was, in light of the circumstances, a reasonable act to spur the Pleasant Valley School District into action and prompt it to finally comply with the subpoena and the trial court's December 19, 2013 order; the time it would reasonably take a separate and heavily regulated entity, such as the school district, to retrieve and send the various, private records of one of its students, once it was finally driven to act; or, how long the Commonwealth should have reasonably waited for the Pleasant Valley School District to act after ADA Rogers sent his letter to the school solicitor. Thus, we conclude that the trial court did not abuse its

discretion when it concluded that the Commonwealth exercised due diligence in attempting to secure the Victim's school records by sending a letter to the school solicitor of the Pleasant Valley School District and then waiting for the district to comply with the trial court's December 19, 2013 order. Appellant's claim to the contrary fails.

Appellant's second numbered claim on appeal contends that the trial court erred when it "rul[ed] as a matter of law that the confidentiality provision of the Mental Health Procedures Act required quashing [Appellant's] subpoena to ReDCo for [the] mental health records" of the Victim. Appellant's Brief at 6 (some internal capitalization omitted).

As explained above, the trial court granted the Commonwealth's motion to quash Appellant's subpoena to ReDCo. Within the trial court's order, the trial court declared that it quashed the subpoena "pursuant to 50 P.S. § 7111." Trial Court Order, 4/14/15, at 1. Now on appeal, Appellant claims that the trial court erred in quashing the ReDCo subpoena because: 1) Section 7111 confidentiality does not apply to the Victim's records, as her treatment at ReDCo was voluntary outpatient treatment; and, 2) even if the records are confidential, Appellant's "right to due process and witness confrontation must trump any . . . evidentiary or confidentiality privilege." Appellant's Brief at 27 and 31. We will address the two sub-claims in the order raised above. The claims, however, cannot succeed.

Generally, "the standard of review regarding a motion to quash a subpoena is whether the trial court abused its discretion." ***Commonwealth v. McClure***, 172 A.3d 668, 683 (Pa. Super. 2017) (internal quotations and citations omitted).  However, "[w]here the issue raised . . . is purely a question of law, this Court's standard of review is *de novo* and our scope of review is plenary." ***Id.*** (internal quotations and citations omitted).

Section 7111 of the Mental Health Procedures Act ("MHPA") is entitled "confidentiality of records" and provides, in relevant part:

> (a) All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:
>
> (1) those engaged in providing treatment for the person;
>
> (2) the county administrator, pursuant to section 110;
>
> (3) a court in the course of legal proceedings authorized by this act; and
>
> (4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.

50 P.S. § 7111 (internal footnote omitted).

The MHPA "establishes rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons."  50 P.S. § 7103. Therefore, as we have held, the MHPA (including the confidentiality provision

of Section 7111) does not apply to records concerning voluntary outpatient treatment. *Gormley v. Edgar*, 995 A.2d 1197, 1203 (Pa. Super. 2010).

On appeal, Appellant's first sub-claim is that the trial court erred in granting the Commonwealth's motion to quash the subpoena to ReDCo under 50 P.S. § 7111 because the Victim's treatment at ReDCo was voluntary outpatient treatment. Appellant argues:

> In this case, the [Victim's] treatment at ReDCo was voluntary outpatient treatment. ReDCo does not provide inpatient treatment nor does ReDCo treat involuntarily committed patients. At trial, [Appellant] testified that he had, on various occasions, accompanied the [Victim] and her grandmother and spoken on her behalf at the [Victim's] voluntary outpatient treatment sessions at ReDCo.

Appellant's Brief at 26.

First, Appellant has not provided this Court with any citation to the record where evidence could be found establishing that: the Victim's "treatment at ReDCo was voluntary outpatient treatment" or that ReDCo does not treat involuntarily committed patients. Given the lengthy record in this case, Appellant's failure to provide this Court with citation to the record hinders our ability to review his claim of error. Therefore, this sub-claim is waived. *See* Pa.R.A.P. 2119(c) ("[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears"); *Commonwealth v. Harris*, 979 A.2d 387, 393 (Pa.

Super. 2009) ("[w]hen an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing th[e] issue and determining whether error exists, the allegation is waived for purposes of appeal").

At any rate, we have independently reviewed the record in this case (including the Victim's sealed ReDCo files) and we have found no evidence establishing that the Victim's "treatment at ReDCo was voluntary outpatient treatment" or that ReDCo does not treat involuntarily committed patients. Therefore, even if the claim were not waived, the claim fails.[7]

Next, Appellant claims that, even if the Victim's ReDCo records are confidential, Appellant's "right to due process and witness confrontation must trump any . . . evidentiary or confidentiality privilege." Appellant's Brief at 27. Appellant never raised this specific claim to the trial court. *See* Appellant's Motion for Reconsideration of the Quashal Order, 5/20/15, at 1-2 (Appellant only asked the trial court to reconsider the portion of its order that quashed pages of the Victim's Pleasant Valley School District records).

---

[7] Within Appellant's brief, Appellant claims: "[a]t trial, [Appellant] testified that he had, on various occasions, accompanied the [Victim] and her grandmother and spoken on her behalf at the [Victim's] voluntary outpatient treatment sessions at ReDCo." Appellant's Brief at 26. It is true that Appellant testified at trial that he participated in one meeting at ReDCo with the Victim, the Victim's grandmother, and the ReDCo counselors and doctors. N.T. Trial, 5/25/17, at 49. However, Appellant never testified at trial that the Victim's treatment at ReDCo was "voluntary outpatient treatment." *See id.* at 47-49.

Further, Appellant did not raise this specific claim in his Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal. *See* Appellant's Rule 1925(b) Statement, 1/11/18, at 1. Certainly, Appellant's Rule 1925(b) statement vaguely claimed:

> The trial court erred when it granted in part the Commonwealth's motion to quash subpoenas issued by [Appellant] to the Pleasant Valley School District and ReDCo Group Behavioral Health Services by its April 14, 2015 order and also by a second order of May 14, 2015 denying reconsideration.

*Id.* (some internal capitalization omitted).

Because of Appellant's vague Rule 1925(b) statement, the trial court's Rule 1925(a) opinion limited the discussion of Appellant's claim to the court's stated reason for granting the Commonwealth's motion to quash: Section § 7111 of the MHPA. *See* Trial Court Opinion, 1/25/18, at 1-3. We have explained:

> issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (internal quotations, citations, and corrections omitted).

Appellant's Rule 1925(b) statement was overly vague and did not specifically challenge the trial court's order on due process or confrontation clause grounds. **See** Appellant's Rule 1925(b) Statement, 1/11/18, at 1. As a result, Appellant did not place the trial court on notice that he was challenging the order on such grounds and Appellant's current claim on appeal is, thus, waived.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/19