**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Kahlil GOLDMAN, Appellee.**

**Commonwealth of Pennsylvania, Appellant**

v.

**Kaseem Leonard, Appellee.**

Superior Court of Pennsylvania.

Submitted May 14, 2013.

Filed July 12, 2013.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

John P. Cotter, Philadelphia, for Goldman, appellee.

Richard T. Bobbe, III, Philadelphia, for Leonard, appellee.

BEFORE: STEVENS, P.J.,
LAZARUS, J., and COLVILLE, J.*

OPINION BY LAZARUS, J.

The Commonwealth appeals from the orders of the Honorable Paula Patrick denying its petitions to vacate *nolle prosequis* filed in these matters.[1] After careful review, we reverse and remand to the lower court for further proceedings.

On May 25, 2011, two police officers responded to a radio call regarding an armed man inside an apartment at 5534 North 5th Street in Philadelphia. The officers entered an open door to the apartment and heard a noise in the back of the unit. After exiting a rear door that led to the top of the building, they saw Goldman and Leonard running on the rooftop. Goldman jumped onto the street and was eventually stopped by other officers. Leonard was handcuffed on the rooftop, where the officers found a black bag containing two handguns and ammunition. Unable to post their respective bails, both Goldman and Leonard were incarcerated.

On June 9, 2011, Goldman was charged with violating the Uniform Firearms Act ("VUFA"), recklessly endangering another person, conspiracy, and resisting arrest. The same day, Leonard was charged with VUFA and conspiracy. Both were arraigned on June 30, 2011. On August 10, 2011, the Commonwealth requested a continuance to consolidate the defendants' cases, which the court granted.

On August 31, 2011, the Commonwealth and Goldman's counsel, Daniel–Paul Alva, Esquire, filed a joint request for a continuance. The court granted the continuance and scheduled trial for October 6, 2011. On October 6, 2011, counsel for Leonard requested another continuance for the next trial listing. Because the Commonwealth declined to sever Goldman's case, the court rescheduled trial for December 6, 2011.

On November 29, 2011, Attorney Alva requested a one-day continuance, as he would be unavailable between 11:00 a.m. and 2:00 p.m. on December 6, 2011. Judge Patrick did not order a continuance until December 5, 2011, when Attorney Alva appeared before the court again to confirm that the Commonwealth would be ready to proceed on December 7, 2011. The List Attorney in the courtroom confirmed that rescheduling the case would not prejudice the Commonwealth. Accordingly, trial was set for December 7, 2011.

On December 7, 2011, the Commonwealth was not prepared to proceed because the police witnesses had not been subpoenaed. Counsel for the Commonwealth informed the court that he had relied on a police-court liaison to subpoena the officers overnight, but there was a "communication breakdown" and the police officers did not receive notice. N.T. Motion Hearing, 12/6/2011, at 3–5. When the Commonwealth requested a continuance, Judge Patrick denied the request and presented the Commonwealth with a choice: request *nolle prosequis* or have the cases dismissed. The Commonwealth filed *nolle prosequis* in both cases, which were granted by Judge Patrick. Defendants, who at this point had been incarcerated for 196 days, were ordered to be discharged from custody.

On December 16, 2011, the Commonwealth filed motions to vacate the *nolle prosequis*, assuring the court that the prosecution had spoken to the police liaison, and asked the court to set the trial for

---

* Retired Senior Judge assigned to the Superior Court.

1. Because the issues raised in these cases are identical, we will dispose of both appeals in a single opinion. *See* Pa.R.A.P. 513.

the earliest possible date. On January 3, 2012, Judge Patrick heard argument and denied the motions to vacate the *nolle prosequis*. The orders were entered on the respective dockets on February 14, 2012. The Commonwealth filed timely notices of appeal and concurrently filed Pa. R.A.P. 1925(b) statements on March 5, 2012.[2] On September 28, 2012, Judge Patrick filed her Rule 1925(a) opinions.

On appeal, the Commonwealth raises the following issue for our review:

> Did the lower court abuse its discretion in denying the Commonwealth's motion[s] to vacate ... *nolle prosequi[s]*, terminating [these] prosecutions "with prejudice" because the Commonwealth was unsuccessful in its efforts to subpoena necessary witnesses following a defense continuance?

Brief of Appellant, at 4.

■ "A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill of indictment." *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174, 177 (1976). Pennsylvania Rule of Criminal Procedure 585 governs *nolle prosequi* applications, and provides in relevant part:

> Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person.

Pa.R.Crim.P. 585(A). In evaluating a request for *nolle prosequi*, a court may consider two factors: (1) whether the Com-

monwealth's reason for the request is reasonable; and (2) whether the defendant has a valid speedy trial claim. *Commonwealth v. Reinhart*, 466 Pa. 591, 353 A.2d 848, 853 (1976). A *nolle prosequi* may be lifted "at any time in the future," on appropriate motion, to revive the original charges. *Commonwealth v. Ahearn*, 543 Pa. 174, 670 A.2d 133, 135 (1996).

■ Although it is established that a trial court has discretion in deciding whether to grant or deny a *nolle prosequi*, there is no clear standard of review where a trial court denies a motion to reinstate its charges following the grant of a *nolle prosequi*. *See Commonwealth v. DiPasquale*, 431 Pa. 536, 246 A.2d 430 (1968); *Commonwealth v. Rega*, 856 A.2d 1242 (Pa.Super.2004). The trial court suggests that the Pennsylvania Supreme Court's opinion in *Commonwealth v. Meadius*, 582 Pa. 174, 870 A.2d 802 (2005), is instructive. The Commonwealth, however, argues that *Meadius* is inapposite and that the court improperly terminated the prosecution with prejudice. We agree.

■ In reviewing whether the trial court abused its discretion, our Supreme Court has explained that:

> [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary

---

**2.** Contrary to Goldman's assertions in his brief, the Commonwealth's appeal was timely because it was filed "within 30 days after the entry of the order[s] from which the appeal is taken" pursuant to Pa.R.A.P. 903(a). Although Judge Patrick orally denied the Commonwealth's motions on January 3, 2012, the motions were not entered on docket until February 14, 2012. Moreover, we reject

Goldman's argument that the Commonwealth's Rule 1925(b) statements were too vague. Although the Commonwealth's choice of the word "unavailable" is arguably misleading, the Rule 1925(b) statements provided sufficient detail to identify all pertinent issues for the trial court, including all subsidiary issues. Pa.R.A.P. 1925(b)(4).

actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 753 (2000) (citations omitted).

Initially, we find it necessary to clarify Pa.R.Crim.P. 600 ("Rule 600"),[3] which is central to the holding of *Meadius* and the trial court's Rule 1925(a) opinion in the present case. Rule 600 was designed to implement speedy trial rights to defendants based upon the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. *Commonwealth v. Murray*, 879 A.2d 309, 313 (Pa.Super.2005). The Rule provides, in pertinent part:

(A)(2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

* * *

(E) No defendant shall be held in pretrial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above. Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

* * *

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

Pa.R.Crim.P. 600. If a trial does not commence before the Rule 600 deadline, the defendant may file a motion to dismiss the charges with prejudice under Rule 600(G).

To determine whether dismissal is required under Rule 600, a court must first calculate the "mechanical run date," which is 365 days after the complaint was filed. *Commonwealth v. McNear*, 852 A.2d 401 (Pa.Super.2004). Rule 600(C) addresses situations where time can be excluded from the computation of the deadline. Pa.R.Crim.P. 600(C). Case law also provides that a court must account for any "excludable time" and "excusable delay." Excludable time is delay that is attributable to the defendant or his counsel. *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12, 16 (1998). Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. *Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa.Super.2007).

To be clear, a violation of Rule 600 does not automatically entitle a defendant to a discharge. *Murray*, 879 A.2d at 314. Indeed, Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." *Id.* at 314. In other words, the only occasion requiring dismissal is when the Commonwealth fails to commence trial

---

**3.** As of the date of filing of this memorandum, revisions to Rule 600 are set to become effective on July 1, 2013. The revised Rule 600 aims to reorganize and clarify provisions of the current rule. We believe that the rule as currently written caused confusion in this case.

within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay. *Id.* There is no statutory or case law authorizing the discharge of a defendant who has not been brought to trial within the timing requirements of Rule 600(A)(2). *Id; see also Commonwealth v. Abdullah,* 539 Pa. 351, 652 A.2d 811 (1995); *Commonwealth v. Oliver,* 449 Pa.Super. 456, 674 A.2d 287 (1996).

■ In *Meadius,* our Supreme Court addressed the manner in which to calculate the Rule 600 run date if the Commonwealth files two complaints against a defendant. In that case, the prosecution withdrew a criminal complaint after several continuances, then filed a new complaint charging the defendant with the same offenses. *Meadius,* 870 A.2d at 803. The defendant argued that reinstating the charges violated Rule 600 because the Commonwealth failed to commence trial within one year of the filing of the *original* complaint. *Id.* The Commonwealth argued that the one-year period commenced when the *second* complaint was filed, in which case Rule 600 was not violated. *Id.* at 804. Ultimately, the Court held that the Rule 600 run date is calculated from the second filing only in circumstances where the withdrawal and re-filing are necessitated by factors beyond the Commonwealth's control, the Commonwealth has exercised due diligence, and the re-filing is not an attempt to circumvent the limitations of Rule 600. *Id.* at 808.

In the present case, Judge Patrick suggests that the Commonwealth's motions to vacate the *nolle prosequis* are an attempt to evade the limitations of Rule 600 in an effort to reset the run date. The court concluded that, like in *Meadius,* the Commonwealth filed its motions "for the sole purpose of reinstituting the charges against [defendants]." Trial Court Opin-

ion, 9/28/12, at 9. Furthermore, the court maintains that the motions to vacate the *nolle prosequis* were properly denied because the Commonwealth did not exercise due diligence in bringing the defendants to court within 180 days in violation of Rule 600(A)(2). The court suggests that the Commonwealth did not act with due diligence because it did not present evidence of a duly diligent prosecution or that circumstances beyond its control caused the delay. Trial Court Opinion, 9/28/12, at 17.

■ We agree with the Commonwealth that *Meadius* is inapplicable to the present cases. The reason that the Court upheld the dismissal of charges in *Meadius* was because the Commonwealth had not commenced trial within 365 days of the original complaint, in violation of Rule 600(G). In contrast, here, although defendants were incarcerated for over 180 days in violation of Rule 600(E), the proper remedy was immediate release on nominal bail, not dismissal. Pa.R.Crim.P. 600(E). Again, the *only* occasion requiring dismissal of charges is when the Commonwealth fails to commence trial *within 365 days of the filing of the written complaint,* taking into account all excludable time and excusable delay. *Murray,* 879 A.2d at 314.

■ Here, the Commonwealth filed its only complaints on May 25, 2011. Accordingly, dismissal of charges is required if trial did not commence by the run date of May 25, 2012, also taking into account any additional time attributable to excludable time and excusable delay. While the Commonwealth and Judge Patrick disagree about what constituted excludable time or excusable delay, the mechanical run date was at least five months away at the time of the motions to vacate *nolle prosequi.* Because the mechanical run date had not passed, the court was not required to dismiss the charges under Rule 600. Therefore, we conclude that *Meadius* does not

compel the court to deny a motion to vacate the *nolle prosequi.*

Furthermore, we agree with the Commonwealth that the court improperly terminated the prosecutions with prejudice. In her Rule 1925(a) opinions, Judge Patrick suggests that denial of the motions to vacate the *nolle prosequis* was a proper and reasonable exercise of judicial discretion. However, the Commonwealth argues that when Judge Patrick offered the Commonwealth a choice between a discharge and request for *nolle prosequis,* she effectively terminated the prosecutions with prejudice. We agree.

 Dismissal of charges is an "extreme sanction" that should be imposed sparingly and only in cases of blatant prosecutorial misconduct. *Commonwealth v. Burke,* 566 Pa. 402, 781 A.2d 1136, 1144 (2000). A dismissal punishes not only the prosecutor, but also the public at large because "the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law." *Commonwealth v. Shaffer,* 551 Pa. 622, 712 A.2d 749, 753 (1998). Therefore, a trial court should consider dismissal of charges only where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed. *Id.*

 Here, there is no blatant prosecutorial misconduct or demonstrable prejudice to the defendants. Although the Commonwealth could have exercised greater diligence to ensure that the police witnesses appeared for trial, a "communication breakdown" does not constitute blatant misconduct. Furthermore, the defendants did not claim that the delay prejudiced their ability to defend their cases. Therefore, we find that effectively dismissing charges by presenting a choice between a discharge and a *nolle prosequi* with prejudice, absent blatant prosecutorial misconduct or demonstrable prejudice, was an abuse of discretion.

Orders reversed. Cases remanded; trial court directed to lift *nolle prosequis* and reinstate complaints. Jurisdiction relinquished.

COLVILLE, J., concurs in the result.