J-S83036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT WILLIAM DIBBLE, | : | |
| | : | |
| Appellee | : | No.  594 WDA 2016 |

Appeal from the Order March 28, 2016
in the Court of Common Pleas of McKean County,
Criminal Division at No(s): CP-42-CR-0000583-2015

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 27, 2017**

The Commonwealth of Pennsylvania appeals from the order granting with prejudice its March 28, 2016 motion for *nolle prosequi*.  We affirm.

On December 4, 2015, Robert William Dibble was charged with two counts of failure to comply with sexual offender registration.  In the criminal complaint and accompanying affidavit of probable cause, the Commonwealth averred that Dibble had been previously convicted of a sexual offense in New York and had failed to notify authorities in either New York or Pennsylvania that he had been residing in McKean County from August to October of 2016.  A preliminary hearing was held on November 4, 2015, and all charges were held for court.

Dibble filed a petition for writ of *habeas corpus* on December 23, 2015, alleging that the Commonwealth failed to present a *prima facie* case at his

_____

*Retired Senior Judge assigned to the Superior Court.

preliminary hearing. Specifically, Dibble argued that he had not been convicted in New York of a sexual offense requiring registration and challenged the Commonwealth's failure to produce a certified copy of Dibble's alleged New York conviction both at his preliminary hearing and in the discovery packet provided to him on November 25, 2015. Petition for Writ of *Habeas Corpus*, 12/23/2015, at ¶ 3. Accordingly, Dibble requested dismissal of all charges.

On March 28, 2016, after several continuances, the trial court held a hearing on Dibble's motion. At that time, the Commonwealth filed a motion for *nolle prosequi*, in which it averred that it was unable to move forward with the case against Dibble because it was unable to obtain "admissible documentation of [Dibble's] conviction from New York State." Trial Court Opinion, 6/23/2016, at 1.

> [Dibble] objected to the motion for *nolle pros*, requesting that prejudice attach to it. Further, [Dibble] stated that [he] had been incarcerated for 158 days and that it has been 96 days since [his] petition for [writ of] *habeas corpus* was filed and within that time the Commonwealth had not obtained evidence of the New York conviction. After [the] hearing, the court granted the Commonwealth's motion … but added "with prejudice." The Commonwealth objected to this "with prejudice" addition to the *nolle pros*. On April 26, 2016, the Commonwealth filed an … appeal[1] of the court's order.

*Id.* at 1-2 (unnecessary capitalization omitted).

_____

[1] Although the order granting the Commonwealth's request for a *nolle pros* with prejudice is a final order, the Commonwealth has certified that the court's order terminates or substantially handicaps its prosecution of Appellee. *See* Pa.R.A.P. 311(d).

Both the Commonwealth and the trial court have complied with the mandates of Pa.R.A.P. 1925.

The Commonwealth raises one issue for our review: "whether the trial court erred and misapplied the law where it granted the Commonwealth's motion for *nolle prosequi*, but did so with prejudice, and effectively dismissed the criminal charges?" Commonwealth's Brief at 2 (unnecessary capitalization omitted). We address this claim mindful of the following.

> A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill of indictment. Pennsylvania Rule of Criminal Procedure 585 governs *nolle prosequi* applications, and provides in relevant part:
>
>> Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person.
>
> In evaluating a request for *nolle prosequi,* a court may consider two factors: (1) whether the Commonwealth's reason for the request is reasonable; and (2) whether the defendant has a valid speedy trial claim. A *nolle prosequi* may be lifted at any time in the future, on appropriate motion, to revive the original charges.

**Commonwealth v. Goldman**, 70 A.3d 874, 878 (Pa. Super. 2013) (citations and quotation marks omitted). "A trial court's decision regarding a petition for *nolle prosequi* will not be overturned absent an abuse of discretion." **Commonwealth v. Reinhart**, 353 A.2d 848 (Pa. 1976). "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. Consequently, the court abuses its discretion if, in resolving

the issue for decision, it misapplies the law or [rules] in a manner lacking reason." *Id.* at 1244 (internal citations and quotation marks omitted).

As the Commonwealth points out, the trial court's order, granting its motion with prejudice, effectively dismisses the charges against Appellant with no leave for refiling. We bear in mind that

> [d]ismissal of charges is an extreme sanction that should be imposed sparingly and only in cases of blatant prosecutorial misconduct. A dismissal punishes not only the prosecutor, but also the public at large because the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Therefore, a trial court should consider dismissal of charges only where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

*Goldman*, 70 A.3d at 881 (citations and quotation marks omitted).

The trial court's order granting the Commonwealth's motion with prejudice is the functional equivalent of a dismissal of charges, which runs contrary to the general rule that "[a] *nolle prosequi* may be lifted at any time in the future, on appropriate motion, to revive the original charges." *Id.* However, the court found the Commonwealth's inaction in this matter egregious and prejudicial to Dibble, such that dismissal was proper under *Goldman*. The court explained its decision to grant the Commonwealth's petition with prejudice as follows.

> At the time the Commonwealth made its motion for *nolle pros*, this case was scheduled for trial and there was a pending [petition] for [writ of] *habeas corpus*. Defense counsel vigorously asserted that the Commonwealth could not proceed to

trial without a proof of conviction or a certified record of the [New York] conviction. Further, had the hearing to address the petition for [writ of] *habeas corpus* gone forward[,] the court would have granted it because the Commonwealth did not have sufficient evidence to prevail. Therefore, [Dibble] would be greatly prejudiced by the Commonwealth's request to *nolle pros* if prejudice would not attach. … Here, the Commonwealth failed to request a staff person from the District Attorney's Office to drive to Cattaraugus County, New York, which borders McKean County, PA, to obtain a copy of the docket sheet for the conviction. In sum, the Commonwealth failed to make reasonable efforts to secure a copy of the conviction or a certified record of the conviction and [Dibble] was prejudiced by the delay of the Commonwealth in filing its motion for *nolle pros*[,] … approximately 96 days after [Dibble] filed his [petition] for [writ of] *habeas corpus*.

The Commonwealth was alerted on January 11, 2016 that the [petition] for [writ of] *habeas corpus* was based on the failure of the Commonwealth to produce evidence of [Dibble's] New York conviction at the preliminary hearing. Not only did [the Commonwealth] have notice [of the reason for the petition for writ of *habeas corpus*,] but … the hearing [was scheduled for] February 9, 2016[,] which should have provided the Commonwealth with enough time to obtain proof of the New York conviction[.] [However, the Commonwealth] obtained a continuance of the *habeas corpus* hearing, which was rescheduled to March 28, 2016. The Commonwealth at the hearing on March 28, 2016 was again unprepared by not having evidence that [it was] aware was crucial to [its] defense of the petition for [writ of] *habeas corpus*, *i.e.* proof of the New York conviction in the adjacent county to McKean. The Commonwealth could have asked for a continuance but decided to manipulate the course of the proceedings by moving for a *nolle pros*, which was a blatant attempt to prevent the court from ruling on the petition for [writ of] *habeas corpus* because [the Commonwealth] could not defend it. In the meantime, [Dibble] had been incarcerated for 158 days, without a hearing to determine the status of his being in Pennsylvania. Such a total disregard of its obligation to obtain easily obtainable evidence and to move this case along is "egregious." It is also prejudicial in that [Dibble] was held in custody in the McKean County jail during the entire period of time.

Trial Court Opinion, 6/23/2016, at 3-4.

It is clear from the notes of testimony that the trial court conflated the evidence necessary to grant the Commonwealth's petition with the evidence necessary to grant Dibble's request for a writ of *habeas corpus*.[2] Nonetheless, as the court acknowledged, "had the hearing to address the petition for [writ of] *habeas corpus* gone forward[,] the court **would have granted it because the Commonwealth did not have sufficient evidence to prevail**." Trial Court Opinion, 6/23/2016, at 3 (emphasis added). We agree with this assessment and find no error in the trial court's analysis of the prejudice suffered by Dibble by the extraordinary delay in this case. Accordingly, we cannot conclude that the court abused its discretion in dismissing the charges in this matter. In doing so, we acknowledge that the proper remedy would be, as defense counsel suggested at the hearing on his petition for writ of *habeas corpus*, to grant Dibble's petition and deny the Commonwealth's request for a *nolle pros*. However, under these

---

[2] "A petition for writ of *habeas corpus* is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case." **Commonwealth v. Engle**, 847 A.2d 88, 90 (Pa. Super. 2004). "The question of the evidentiary sufficiency of the Commonwealth's *prima facie* case is one of law[.]" **Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*) (citation omitted). "We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth." **Id.** at 1111.

circumstances, we decline to elevate form over substance and, thus, affirm the order of the trial court.

Order affirmed. Jurisdiction relinquished.

P.J.E. Ford Elliott joins.

Judge Shogan files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 1/27/2017