J-S38042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    : PENNSYLVANIA
                                                    :
                    v.                              :
                                                    :
                                                    :
JAJUAN DEMAR DAVIS                    :
                                                    :
            Appellant                           : No. 574 WDA 2021

Appeal from the Judgment of Sentence Entered May 4, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002484-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY DUBOW, J.:        **FILED: MAY 20, 2022**

While I agree with the Majority that the trial court properly denied Appellant's Rule 600 Motion, I disagree with its treatment of the time-period in which the trial court was shut down as a result of COVID. The Majority concludes that the time-period during the COVID shutdown is not attributable to the Commonwealth because "the record does not show any lack of diligence by the Commonwealth or that it was not prepared to go to trial during the period of judicial delay." I agree that this time is not attributable to the Commonwealth. I would find, however, that it is not attributable to the Commonwealth because the court shutdown during COVID was an event out of the control of Commonwealth. ***Commonwealth v. Goldman***, 70 A.3d 874

_____

[*] Retired Senior Judge assigned to the Superior Court.

(Pa. Super. 2013); **Commonwealth v. Pipkin**, 2022 WL 1555399 at * 5 (Pa. Super. filed May 17, 2022) (non-precedential decision).

Moreover, even if consideration of the Commonwealth's due diligence were appropriate in this circumstance, I disagree with the Majority's conclusion that unless the record shows that the Commonwealth failed to act with due diligence, the delay is not attributable to the Commonwealth. In **Commonwealth v. Harth**, 252 A.3d 600 (Pa. 2021), the defendant filed a Rule 600 motion to dismiss after the trial court's schedule required the court to continue the defendant's trial. In considering whether the trial court properly denied the motion, the Pennsylvania Supreme Court found that the delay of the trial in such instances is excludable from the Rule 600 calculation only when the trial court finds that the Commonwealth was ready for trial on the trial date. Thus, when the trial court schedules a case for trial and then continues the trial because of the court's schedule, the proper analysis does not focus on whether there is no evidence that the Commonwealth failed to act with due diligence; rather, the record must show that Commonwealth was ready to proceed to trial on the date that the trial court continued the case. **Id.**

I, therefore, concur in the result of the Majority.